IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL THOMAS BAD OLD MAN,<br><br>Defendant. | CR 13-52-GF-BMM<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Michael Thomas Bad Old Man has been accused of violating the conditions of his supervised release. Bad Old Man admitted the alleged violation. Bad Old Man's supervised release should be revoked. Bad Old Man should be placed in custody for 1 month, with 35 months of supervised release to follow. Bad Old Man should serve the first 2 months of supervised release in inpatient treatment at Connection Corrections. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 13-76-GF-BMM.

## II. Status

Bad Old Man pleaded guilty to the charge of Burglary on July 17, 2013. (Doc. 53). The Court sentenced Bad Old Man to 27 months of custody, followed

1

by 3 years of supervised release.  (Doc. 91).  Bad Old Man's current term of supervised release began on June 8, 2020.  (Doc. 198 at 2).

### Petition

The United States Probation Office filed a Petition on June 30, 2020, requesting that the Court revoke Bad Old Man's supervised release.  (Doc. 198). The Petition alleged that Bad Old Man had violated the conditions of his supervised release by consuming alcohol.

### Initial appearance

Bad Old Man appeared before the undersigned for his initial appearance on July 8, 2020.  Bad Old Man was represented by counsel.  Bad Old Man stated that he had read the petition and that he understood the allegations.  Bad Old Man waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a joint revocation hearing in this case and in Cause CR 13-76-GF-BMM on July 8, 2020.  Bad Old Man admitted that he had violated the conditions of his supervised release by consuming alcohol.  The violation is serious and warrants revocation of Bad Old Man's supervised release.
Bad Old Man's violation is a Grade C violation.  Bad Old Man's criminal history category is I.  Bad Old Man's underlying offense is a Class C felony.  Bad Old

Man could be incarcerated for up 24 months. Bad Old Man could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Bad Old Man's supervised release should be revoked. Bad Old Man should be incarcerated for 1 month, with 35 months of supervised release to follow. Bad Old Man should serve the first 2 months of supervised release in inpatient treatment at Connection Corrections. This sentence is sufficient but not greater than necessary. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 13-76-GF-BMM.

### IV.  Conclusion

The Court informed Bad Old Man that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Bad Old Man of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Bad Old Man that Chief Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Michael Thomas Bad Old Man violated the conditions of his supervised release by consuming alcohol.

The Court **RECOMMENDS:**

That the District Court revoke Bad Old Man's supervised release and commit Bad Old Man to the custody of the United States Bureau of Prisons for 1 month, with 35 months of supervised release to follow. Bad Old Man should serve the first 2 months of supervised release in inpatient treatment at Connection Corrections. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 13-76-GF-BMM.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 8th day of July, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge